IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02543-JLK-MJW

UNITED STATES OF AMERICA,

       Plaintiff,

v.

905 HALLETT CIRCLE, FARMINGTON, NEW MEXICO,

       Defendant.

---

**STIPULATED SCHEDULING AND DISCOVERY ORDER**

---

### 1. DATE OF CONFERENCE

The date of the Scheduling and Discovery Conference will occur on February 18, 2016, at 10:00 a.m.

### 2. STATEMENT OF CLAIMS AND DEFENSES

Do not quote from the complaint, answer or other pleading. State concisely and without boilerplate the essence of your case. Include the specific basis for the court's jurisdiction.

    a.    Plaintiff's statement:

The United States seeks forfeiture of defendant 905 Hallett Circle, Farmington, New Mexico, 87401, pursuant to 21 U.S.C. § 881(a)(7), as defendant 905 Hallett Circle was used, or intended to be used, to commit, or to facilitate the commission of a violation of 21 U.S.C. § 801, *et seq.* The Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355, as some of the acts giving rise to forfeiture occurred in the District of

1

Colorado.  More specifically, defendant 905 Hallett Circle was used by Loyd Groomer to sell and store methamphetamine as part of a drug conspiracy occurring in southern Colorado and northern New Mexico.

    b.    Claimant's statement:

Defendant 905 Hallett Circle, Farmington, New Mexico was not used, or intended to be used, to commit, or to facilitate the commission of a violation of 21 U.S.C. § 801. In the alternative, even if Defendant 905 Hallett Circle was used to commit or facilitate a violation of 21 U.S.C. § 801, no acts or occurrences occurred at 905 Hallett Circle in relation to any events giving rise to Jurisdiction in the District of Colorado pursuant to 28 U.S.C. §§ 1345 and 1355. In addition, claimant was a bona fide purchaser of 905 Hallett Circle pursuant to 21 U.S.C. § 853.

    c.    Other Parties' statement:  There are no other parties.

### 3. UNDISPUTED FACTS

The following facts are undisputed:

    a.    The defendant property is described as 905 Hallett Circle, Farmington, New Mexico, 87401, more specifically, Lot Six (6) of the Hicks Subdivision No. 1, as shown on the plat of said county of San Juan, State of New Mexico. It is titled in the name of Margaret A. Spencer and is unencumbered.

    b.    Defendant 905 Hallett Circle was previously owned by the Christine L. Groomer Living Trust.  On March 4, 2013, Successor Co-Trustees of the Christine Groomer Living Trust, Margaret Spencer and Loyd Groomer transferred title to Loyd

Groomer. On March 20, 2014, after Loyd Groomer's arrest, he transferred defendant 905 Hallett Circle back to Successor Co-trustee, Margaret Spencer.

    c.    On or about September 29, 2015, Margaret Spenser explained the succession of ownership for defendant 905 Hallett Circle, during an interview.

### 4. COMPUTATION OF DAMAGES

    a.    The relief sought by the Plaintiff is an Order of Forfeiture, forfeiting defendant 905 Hallett Circle, Farmington, New Mexico to the United States, to be disposed of in accordance with law.

    b.    Claimant seeks reasonable attorney fees and other litigation costs reasonably incurred by the claimant and post-judgment interest pursuant to 28 U.S.C. § 2465.

### 5. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER Fed. R. Civ. P. 26(f)

a.    Date of Rule 26(f) meeting:

The Federal Rule of Civil Procedure 26(f) requirements are inapplicable to this civil forfeiture action *in rem* arising from a federal statute. Fed. R. Civ. P. 26(a)(1)(B)(ii). Nevertheless, the United States and counsel for claimants conferred on February 5, 2016.

b.    Names of participants and each party they represented:

Assistant United States Attorney Laura B. Hurd represented Plaintiff United States of America;

Mr. Jason Christopher Eley, Esq. represented claimant Margaret A. Spencer.

c.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):

The Federal Rule of Civil Procedure 26(a)(1) requirements are inapplicable to this civil forfeiture action *in rem* arising from a federal statute. Fed. R. Civ. P. 26(a)(1)(B)(ii).

d.  Statement as to when Rule 26(a)(1) disclosures were made or will be made:

The Federal Rule of Civil Procedure 26(a)(1) requirements are inapplicable to this civil forfeiture action *in rem* arising from a federal statute. Fed. R. Civ. P. 26(a)(1)(B)(ii). Nevertheless, the United States has provided a set of discovery disclosures on February 5, 2016, in order to comply with the parties' agreement to conduct informal discovery.

e.  Statement concerning any agreements to conduct informal discovery:

Assistant United States Attorney Laura B. Hurd, and Jason Eley, Esq. have agreed to conduct informal discovery by exchanging documents outside the formal discovery process and to use a unified number system.

f.  Statement concerning any agreements or proposals regarding electronic discovery:

There will not be a significant amount of electronically stored information.

g.  Statement concerning any other agreements or proposals to reduce discovery and other litigation costs:

Assistant United States Attorney Laura B. Hurd, and Jason Eley, Esq. have agreed to cooperate in order to reduce the costs of litigation and expedite the just

disposition of the case. The parties have agreed to conduct depositions, via video teleconferencing or telephone, except for individuals currently incarcerated.

h.     Statement regarding use of the unified exhibit numbering system:

The United States, by and through, Assistant United States Attorney Laura B. Hurd, and Jason Eley, Esq. have agreed to the use of a unified exhibit numbering system.

i.     Each party shall set forth its anticipated costs of conducting this litigation, itemizing costs including travel and attorney fees for taking depositions, paralegal expenses, costs of preparations, costs of drafting written discovery, anticipated motions and costs of complying with discovery requests. The anticipated costs of conducting this litigation are as follows:

1.     Plaintiff: Plaintiff's anticipated costs of litigation are $10,000.00.

2.     Claimant's anticipated costs of litigation are $60,000.00.

## 6. CASE PLAN AND SCHEDULE

The plan and schedule must include the following items:

    a.     **Deadline for Joinder of Parties: April 1, 2016**

    b.     **Deadline to Amend Pleadings: April 1, 2016**

    c.     **Discovery Cut-off: August 18, 2016**

    d.     **Dispositive Motion Deadline: September 16, 2016**

    e.     **Expert Witness Disclosures**:

        (1)     Statement regarding anticipated fields of expert testimony, if any:

      a.      Plaintiff United States anticipates expert testimony on laboratory drug analysis.

      b.      Claimant anticipates expert testimony on drug sales and activities.

(2) Statement regarding any limitations proposed on the use or number of expert witnesses: Four experts per party without leave of the Court.

(3) The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **May 18, 2016**.

(4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **June 17, 2016**.

(5) All designations of experts shall include a statement describing the methodology to be used by the particular expert. *Daubert/Kumho Tire* motions challenging any proposed methodology may be considered before the expert is deposed. Such a motion does not preclude the filing of any subsequent motions. The aim is to cut off faulty methodology before undertaking extensive discovery and may result in amended designation with either a new expert, a revised methodology or both.

(6) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

f. **Deposition Schedule**

| Person to be Deposed | Date of Deposition | Time of Deposition | Length of Deposition |
|---|---|---|---|
| Margaret Spencer<br>Video conferencing or telephonically | April 27, 2016 | 1:00 p.m. | 4 hours |
| Loyd Groomer<br>Video conferencing or telephonically | April 27, 2016 | 9:00 a.m. | 4 hours |
| Joseph Fitapelli<br>Sterling Correctional Facility | May 4, 2016 | 9:00 a.m. | 4 hours |
| Marvina Olguin<br>Video conferencing or telephonically | May 11, 2016 | 9:00 a.m. | 4 hours |
| SOI<br>To be determined | May 11, 2016 | 1:00 p.m. | 4 hours |

g. **Interrogatory Schedule**

The parties will serve their interrogatories on a schedule that allows timely responses on or before the discovery cut-off date. The last date to serve interrogatories is **July 18, 2016**.

h. **Schedule for Request for Production of Documents**

The parties will serve their requests for production of documents on a schedule that allows timely responses on or before the discovery cut-off date. The last date to serve interrogatories is **July 18, 2016**.

i. **Discovery Limitations**

(1) Any limits any party proposes on the length of any deposition: Each deposition will be limited to one day of seven (7) hours.

      (2)    Any modifications any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules: The parties agree that the presumptive number of 25 interrogatories each party may serve on any other party is sufficient.

      (3)    Any limitations any party proposes on the number of requests for production of documents and/or requests for admissions: The parties agree that each party may serve on the other party 25 requests for production of documents and 25 requests for admissions.

j.    **Other Planning or Discovery Orders:**  None

## 7. SETTLEMENT

The parties certify that they have discussed the possibility of prompt settlement of the case by alternative dispute resolution.  The parties request a settlement conference before a magistrate judge.

## 8. OTHER SCHEDULING MATTERS

a.    A statement of those discovery or scheduling issues, if any, on which counsel, after a good-faith effort, were unable to reach an agreement: None.

b.    A statement of anticipated motion-to be filed, by whom, estimated time of filing, and any proposed briefing schedule:

A motion for summary judgment is anticipated to be filed by the claimant by September 16, 2016.  The United States anticipates filing a motion for summary judgment on or before September 16, 2016.  Both Plaintiff and Claimant will file their

responses and reply briefs upon the briefing schedule issued by the Court, pursuant to Senior Judge John L. Kane's Special Instructions Concerning Motions for Summary Judgment.

c.     Statement whether trial is to the court or jury:

Claimant anticipates summary judgment and hearing on damages to be heard by the Court and forfeiture action to be heard by a jury.

### 9. AMENDMENTS TO DISCOVERY AND SCHEDULING ORDER

This Stipulated Scheduling and Discovery Order may be altered or amended only upon motion showing good cause and order entered thereon.  As stated elsewhere herein, I will almost always grant stipulated motions for extensions of time and changes in deadlines up to and including the signing of a pretrial order.  If the parties cannot agree on such extensions, my inclination is, the absence of abuse, to be permissive. On the contrary, I am not permissive or lenient in changing trial dates.

SO ORDERED this 18th day of February, 2016.

BY THE COURT:

*John L. Kane*
_____
JOHN L. KANE, Senior Judge
United States District Court

**STIPULATED SCHEDULING AND
DISCOVERY ORDER APPROVED:**

s/ Laura B. Hurd
Laura B. Hurd
Assistant United States Attorney
United States Attorney's Office
1225 17th Street, Ste. 700
Denver, CO 80202
(303) 454-0100
Laura.hurd@usdoj.gov
*Attorney for Plaintiff United States*

s/ Jason C. Eley
Jason C. Eley, Esq.
Tucker Burns Yoder & Hatfield
270 E. College Drive, Ste. 102
Durango, CO 81301
(970) 259-2269
eley@tbylaw.com
*Attorney for Claimant Margaret Spencer*